The COLUMBIAN INSURANCE COMPANY *against* BLACK.

THIS was an action of *assumpsit* on a promissory note, One of three
joint owners of
against the defendant as endorser. The note was made by a vessel effect-
ed insurance
*John Graham & Co.*, dated the 11th of *February,* 1813, for on the freight,
in his own
name, for ac-
count of the
owners, by a *valued* policy, on which there was a total loss, and notice of abandonment was duly
given. with the usual proofs of interest and loss; but no adjustment made : *Held,* that he might
*set-off* this loss in an action brought against him by the insurers, for *premiums* due to them on other
policies of insurance.

8001 dollars and 23 cents, payable to the defendant or or-der, nine months after date, and endorsed by him to the plaintiffs. The defendant pleaded the general issue, and gave notice of a set-off of several sums, and, also, of the further sum of 11,428 dollars, for a total loss of freight of the schooner *Dick*, insured by the plaintiffs, and of which they had notice, proof, &c. The cause was tried at the *New-York* sittings, in 1815.

It appeared, that the plaintiffs underwrote a policy of in-surance, dated the 11th of *February*, 1813, in the name of the defendant, for the owners of the schooner *Fanny*, on *freight*, valued at the sum insured, on a voyage from *Charles-ton* to *Nantz*, at 50 per cent. premium, to return 10 per cent. if the voyage ended without loss. The sum subscribed was 20,000 dollars, and the note for the premium, with the charge of policy, was 10,001 dollars and 25 cents. The risk ended safely, and without loss; and on the 28th of *May*, 1813, an adjustment of the return premium was made and the policy cancelled, when a new note was made and endorsed by the same parties, for 8,001 dollars and 25 cents being the balance, after deducting the return premium; the note was dated the same day as the original premium note, made payable nine months after date, and become due the 13th of *November*, 1813, when it was protested for non-payment.

After the note was proved, and read in evidence, the de-fendant, to show a failure of consideration, arising from a fraudulent concealment by the plaintiffs, of their being in-solvent at the time they underwrote the policy of insurance, so that, had a loss happened, the assured would not have been able to recover the amount, introduced a number of witnesses, whose testimony it is unnecessary to state.

The defendant, to support his notice of *set-off*, then gave in evidence a policy of insurance, dated the 11th of *Febru-ary*, 1813, underwritten by the plaintiffs, on the freight of the schooner *Dick*, valued at 20,000 dollars, for the defend-ant, for account of the owners, for a voyage at, and from *New-York* to *Bourdeaux*, at a premium of 30 per cent., to return two and a half per cent. if the risk ended without loss, the sum subscribed by the plaintiffs being 11,428 dol-

lars. It was proved, that the *Dick* sailed on the voyage insured, and was totally lost by *British* capture. The defendant, at the same time, gave his note for the premium, being 3,429 dollars and 65 cents, which remained unpaid. It appeared, that the defendant, and *William Minugh* and *John Minugh*, were the owners of the *Dick;* and it was admitted, that the defendant had duly abandoned to the plaintiffs, and exhibited to them the usual proofs of interest and loss, on the 13th of *May*, 1813.

A verdict was taken for the plaintiff, subject to the opinion of the Court on a case containing the facts above stated.

There were *four* suits brought by the same plaintiffs, on two notes given for the premiums on two policies of insurance : Two suits on the note above mentioned, one against *John Graham & Co.* as *makers*, and *Black* as endorser : and two suits on the other note, dated 11th *February*, 1813, for 3,734 dollars and 49 cents, made by *Black*, payable nine months after date to *John Graham & Co.* and endorsed by them.

The case was argued in *May* term, 1819, by *T. A. Emmet* and *S. Jones, jun.* for the plaintiffs, and *Griffin* and *Slosson* for the defendant.

*For the plaintiffs*, it was contended, that the *set off* was not admissible, and that they were entitled to judgment for the full amount of the note, with interest. But if, however, the set off should be allowed, it could only be in one of the suits ; for having been once applied, there must be an end of it.

Unliquidated damages cannot be set off. (*Brown* v. *Cumming*, 2 *Caines' Rep.* 33. *Gordon* v. *Bowne*, 2 *Johns. Rep.* 150. *Lyle* v. *Clason*, 1 *Caines' Rep.* 313.) The demands in cases of set off must be certain as well as mutual. In *Gordon* v. *Bowne* the Court said, that a total loss on an open policy of insurance could not be set off. Though the freight was valued in this case, it can make no difference in the principle. It merely ascertains the amount of the interest of the insured ; and leaves all the other questions which may arise on the policy, open and un-

determined. The statute goes only to cases of *mutual debts*, (*Colson v. Welsh*, 1 *Esp. N. P. Cases*, 379, 380 ) such as an action of *indebitatus assumpsit* would lie for. The subject lost, or vessel, belonged to three persons; and can a joint demand of the three owners be set off against a suit on the note of one of them? A joint demand cannot be sett off against a separate one. In *Murray & Ogden v. The Columbian Ins. Co.* (11 *Johns. Rep.* 302.) the Court decided, that where one of several owners of a ship insures the whole of her, or to her full value, in his own name, in case of a loss, he can recover only his aliquot part or share; and he must prove the quantum of his interest, or he cannot recover any thing. Suppose all the owners should sue on the policy, could the plaintiffs set off a note given by one of them, for half the amount? The present is an attempt to narrow the rule, that joint demands cannot be set off against a separate suit. The set off must be mutual, and between parties suing in their own rights. But the set off here can only be applied in one of the suits; and if th re is more than enough to meet the demand in one action, the Court, according to the statute, must give judgment for the balance in favour of the defendant. The set off cannot be divided and applied to different suits.

*For the defendants*, it was contended, that a claim for a total loss on a valued policy, is as certain as a promissory note, or any other contract, as to which the party would be always at liberty to contest the right of recovery, on the ground of fraud, &c. The amount due is as easily ascertained in the one case as in the other; *id certum est quod certum reddi potest.* It is true, that the total loss must be proved; so must the defendant prove a note which he offers to set off. The Court, in *Gordon v. Bowne*, refused to allow the set off because the claim was on an *open* policy; but they thereby impliedly admit, that if it had been a valued policy, the set off might have been allowed. The equity and justice of the case is most strongly in favour of the right of set off, as the plaintiffs are notoriously, if not confessedly, insolvent. But it is objected that the amount of loss to be set off is due to the defendant and the other

owners of the vessel jointly. The criterion is, who has the right to bring the action for the demand. If the defendant has a right to sue in his own name, for the demand which he seeks to set off, he may set off that demand by way of defence. Now, the policy is in the name of the defendant, and he has an *interest* in it. He may, therefore, bring an action in his own name, without joining the other persons beneficially interested. (*Park on Ins.* 543. 1 *Burr.* 489.) In *Simpson* v. *Hart*, (14 *Johns. Rep.* 63.) the Court of Errors decided, that where *A.* had recovered a judgment against *B.* and *C.*, for an assault and battery, and *B.* had recovered a judgment against *A.* for an assault and battery, that *A*'s judgment might be set off against the judgment recovered against him by *B.* A surviving partner may set off a partnership debt, in a suit on a demand against him individually. So if a firm be carried on in the name of one person, a separate debt due from that person may be set off against an action by the partners. (1 *Esp. N. P. Cases*, 47. 5 *Term Rep.* 493. 6 *Term Rep.* 582. 2 *Term Rep.* 32. 7 *Term Rep.* 359. 2 *Esp. N. P. Cases*, 269. 10 *Johns. Rep.* 396.) In *Parker* and others v. *Beasley* and others, (2 *Maule and Selwyn's Rep.* 423.) the Court of K. B. decided, that where brokers effected policies in their own names, on account of their principals, and had a lien on the policies, by reason of their acceptance of bills drawn on them by their principals, on account of goods consigned to them, and totally lost before their arrival, might set off the losses in an action brought against them for the premiums, though the losses had not been adjusted. (*Koster* v. *Eason*, 2 *Maule & Selw. Rep.* 112.) A surety is entitled to the same defence as his principal. (*Phœnix Ins. Co.* v. *Fiquet*, 7 *Johns. Rep.* 183.)

As to the objection that the set-off can be applied in one of the suits only, and that judgment for the balance is to be given in favour of the defendant against the plaintiffs; all the cases being before the court, if the set-off is allowed, the court will consider it as relating back so as to extinguish the debt prior to the suit. It is but one debt, and the parties are sureties for each other. The set-off relates back, as a payment, to the time when the right of

ALBANY.
August, 1820.

COLUMBIAN
INS CO.
v.
BLACK.

set-off accrued. (*Chitty on Bills*, 254. 1 *Str.* 515. 1 *Wils.* 46.)

*Cur. adv. vult.*

SPENCER, Ch. J. delivered the opinion of the Court. This suit is on a premium note on a policy, underwritten by the plaintiffs, on the schooner *Fanny*, on the 11th of *February*, 1813. The insurance was effected by the defendant, for the owners of the *Fanny*, and the voyage ended safely.

The first objection to the plaintiffs' recovery is, that there was a failure of consideration for the note. It has been urged, that the company was insolvent when they underwrote the policy, and that, therefore, had a loss taken place, the assured would have had no indemnity, and that under these circumstances, it was a fraud and imposition on the assured, to assume the risks. It appears that the company was much involved when this policy was effected, but the better conclusion is, that according to their ideas of their concerns they were then solvent. Their solvency depended on the event of the risks they had assumed; if they turned out favourably, they would be solvent. The evidence will not authorise the conclusion that the company was then insolvent, or that their conduct in making the insurance was fraudulent.

The defendant offered to set off the amount of a loss on a valued policy, under-written by the plaintiffs, on the 11th of *February*, 1813, on the freight of the schooner *Dick;* and it was proved, that the plaintiffs, at the time last stated, had insured for the defendant, on account of the owners of the *Schooner Dick*, $11,428, valuing the freight at $20,000, at a premium of 30 per cent. It was proved, that the *Dick* sailed on the voyage insured, two days after the date of the policy, with a full cargo, and that on the 17th of *March* after, she was captured and sent into *Plymouth* as a prize, war then existing between the *United States* and *Great Britain*. The *Dick* was owned by the defendant, and *William* and *John Minugh*. The defendant made an abandonment, and exhibited the usual proofs of interest and loss.

ALBANY,
August, 1820.

COLUMBIAN
INS. CO.
V
BLACK.

The case of *Gordon* v. *Bowne,* (*2 Johns. Rep.* 150.) has been relied on as an authority against the set-off. That was an attempt to set off a loss on an open policy, and *Kent.* Ch. Justice, observed, that the extent of the loss and the extent of the interest, must always be matter of great uncertainty, until the proofs have been exhibited and passed upon by a jury. He said it was a contract of indemnity, and nothing could be more unliquidated than the amount of such indemnity. The facts in the present case are simple and few, and are not calculated to produce a perplexed inquiry. The liquidation of damages depends on the sailing of the vessel with a cargo, and her loss by a peril insured against. A set-off here promotes justice and prevents litigation; and no case can come before the Court, in which the injustice of denying the set-off would be more glaring.

It cannot be seriously doubted that the defendant alone could sustain a suit for the loss. It was an insurance for him, on account of the owners of the schooner. The contract is between these parties; and although all the owners might unite in a suit, the defendant is competent to sue alone. Were it neccessary for the defendant to prove the extent of his interest, he could not alone maintain the suit, but this not being necessary in a valued policy, he can sue alone; and then, the principle applies, that if the legal or equitable claims or liabilities become vested in one person, they may be set off against separate demands, and so *vice versa.*

The case of *Parker and others* v. *Beasely & Bell,* (2 *Maul. & Sel.* 423.) is a strong authority for the defendant, on both points. The defendants were sued for premiums of insurance, and at the trial, offered to set off the losses on two policies of insurance underwritten by the bankrupt, whose assignees the plaintiffs were. The defendants effected the policies in their own names; but persons resident in this country were proprietors, in different proportions, of the cargo. Lord *Ellenborough* (and the other Judges concurred) decided, that the policies being effected in the name of the brokers, on account of other persons, the brokers could maintain an action in their own names, if they had any lien on the policies; and by subscribing to policies in their own

ALBANY,
August, 1820.

COLUMBIAN
INS. CO.
v.
BLACK.

names, the underwriters had consented, that they might stand in the character and situation of principals. Here, the defendant has a lien on the policy, independent of his interest; he gave his note for the premium. In the case last cited, it was not objected, that the loss on the policy could not be set off; but it was agreed on all hands, that it could be done, if the defendants had a right to avail themselves of the policy. We are of opinion, therefore, that there must be judgment for the defendant, for the excess of the loss over the amount of the note on which this action is brought.

WOODWORTH, J. was not on the bench when the cause was argued.

Judgment for the defendant.(a)

a In *Bamford* v. *Harris*, tried before Lord *Ellenborough*, (1 *Starkie's N. P. Rep.* 343.) it was decided, that where, by the custom of the hat trade, the amount of the injury sustained by the hats in the process of dying, is deducted from the charge for dying, the defendants might, in an action against him by the dyer, set off his claim for the damage in the dying, though there was no notice of the set-off, and though the amount of the damage had not been previously ascertained or adjusted. In *Barker* v. *Langham*, (6 *Taunt.* 519.) though *Gibbs*, Ch. J. seemed inclined not to allow an insurance broker to set off a loss on a policy of insurance, effected in his own name, as agent merely, against an action brought by the assignees of the insurer, a bankrupt, for premiums; yet he appears to have entertained no doubt, that if the suit had been against the assured, or the original debtor himself, the claim of a total loss on a policy of insurance underwritten by the plaintiff, might be made.

Though KENT, Ch. J. in *Gordon* v. *Bowne*, says, that the words *mutual debts* in the *English* statute, (2 *Geo.* II. ch. 22. s. 13.) and the words of the act of the 30th of *March*, 1801, (sess. 24. ch. 90.) " *dealing together*," and *being* " *indebted to each other*," are of the same import, and that the *English* decisions, upon the construction of their statute, are, therefore, to be applied to the construction of our act; yet, in the late revised act, passed the 5th of *April*, 1813, (1 *N. R. L.* 515. sess. 36. ch. 56.) where the words are, " if two or more persons dealing together, be indebted to each other, *or have demands arising on contract or credits against each other*," &c. the legislature must have intended, by these additional words introduced, to have given a greater extension to the law of *set-off*; or, at least, to remove any doubts which may have existed as to cases being within the meaning of the former act, or of the *English*

statute, according to the settled construction of it. (*Duncan* v. *Lyon*, 3 *Johns Ch. Rep.* 351. 360. 573. 575.) They have a broader meaning than the words *mutual credit*, used in the statute of 5 *Geo.* II. ch. 30. s. 28. in regard to *bankrupts*, and in our insolvent act. (sess. 36 ch. 98. s. 20. 1 *N. R. L.* 469.)